SCHLAGER, LIMSKY & BUKOSKY
Marcia J. Tapia, Esq. (1732)
24 Salem Street
Hackensack, New Jersey 07601
(201)488-0880
Attorneys for Plaintiff
Teaneck PBA Local No. 215

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEANECK POLICEMEN'S BENEVOLENT ASSOCIATION LOCAL 215, GERARD ROSANO, JOHN ABRAHAM, and all persons similarly situated, (See Additional Plaintiffs on Attachment A), <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF TEANECK, a political subdivision of the State of New Jersey, <br><br> Defendant. | Docket No.: <br><br> COMPLAINT <br><br> DOCUMENT FILED ELECTRONICALLY |

Plaintiffs, by their attorneys, Loccke, Correia, Schlager, Limsky & Bukosky, complaining of Defendant, respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action to recover unpaid compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201-219; hereinafter the "Act" or the "FLSA"].

2. Jurisdiction of this action is conferred upon this Court by section 16(b) of the Act [29 U.S.C. § 216(b)] and by 28 U.S.C. § 1337.

3. Venue of this action is established in this Court by section 16(b) of the Act [29 U.S.C. § 216(b)] and 28 U.S.C. § 1391(b).

### THE PARTIES and CLASS ACTION

4. Plaintiffs are or were employees of the Defendant TOWNSHIP OF TEANECK, NEW JERSEY.

5. Pursuant to section 16(b) of the Act, [29 U.S.C. § 216(b)], Plaintiffs bring this action on behalf of themselves and other employees similarly situated to themselves as described in the claim set forth herein.

6. The Defendant in this action is the TOWNSHIP OF TEANECK, NEW JERSEY, and has a place of business at 818 Teaneck Road, Teaneck, where Plaintiffs are or were employed.

7. Pursuant to section 16(b) of the Act [29 U.S.C. § 216(b)], the named Plaintiffs herein have executed and filed with the Court their original consents in writing to become party Plaintiffs in this action. Should additional Plaintiffs similarly situated join this action, their consents will be filed with the Court.

8. The Plaintiffs are or were employees who are or were at all relevant times employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by section 3(s) of the Act [29 U.S.C. § 203(s)]. More specifically, each Plaintiff is or was a police officer employed by the Defendant.

9. At all relevant times herein, the Plaintiffs have been entitled to the rights, protections, and benefits provided by the Fair Labor Standards Act, or "FLSA."

10. The Defendant Township of Teaneck, New Jersey, is an employer as defined by section 3(d) of the Act [29 U.S.C. § 203(d)] and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the Defendant at all relevant times has been aware of the provisions of the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

11. The Defendant is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. § 203(r)].

### RELEVANT FACTUAL AVERMENTS

12. Plaintiff and Defendant are parties to a series of collective bargaining agreements, the most recent one expired on December 31, 2007.

13. The parties have completed collective negotiations for a successor agreement, and are awaiting a decision from an Interest Arbitrator.

14. Article XXXIX of the collective bargaining agreement provides that an agreement remain in full force and effect until a successor agreement is executed by the parties.

15. Article VII of the collective bargaining agreement sets

forth the hours of work for employees covered under the collective bargaining agreement.

16. Section A of Article VII states that an employee is required to work a thirty-nine and a quarter (39 1/4) hour week over a calendar cycle.

17. Officers are assigned to work either a "six and three" schedule or a "five and two" schedule.

18. Officers assigned to the six and three schedule will work six tours over a period of six consecutive days, followed by three consecutive days off.

19. Officers assigned to the five and two schedule will work an average of five tours per calendar week over a calendar year cycle. Days off may be consecutive or they may be interrupted by a tour depending upon the individual work assignment.

20. Section D of Article VII states that a normal tour of duty shall be an eight hour time division of the day for the purposes of assignment.

21. Section E of Article VII requires officers to report for duty ten (10) minutes prior to the start of their tour for inspection.

22. Section E of Article VII further states that officers

will be dismissed from duty ten minutes after the end of their tour.

23. Section F of Article VII provides for a meal period of twenty minutes that is subject to the approval of the Tour Commander for officers assigned to patrol duties.

24. Section G of Article VII provides for two personal break periods, not to exceed fifteen minutes each that are subject to the approval of the Tour Commander for officers assigned to patrol duties.

25. Section I of Article VII provides that officers not assigned to patrol duties are allowed a period of up to one hour, travel time included, to partake of food. This period is subject to the approval of the Tour Commander.

26. Article J of Article VII states that overtime will commence after eight and a half hours worked in each day.

27. Article VIII of the collective bargaining agreement provides for overtime payment as follows:
    a. Up to 30 minutes- Zero [compensation]
    b. 31 to 44 minutes- 30 minutes
    c. 45 to 52 minutes- 45 minutes
    d. 53 to 59 minutes- 1 hour
    e. Over One (1) Hour- In quarterly periods (eight minutes or more)

28. Officers employed by the Defendant are required to wear official uniforms to perform the duties of their job.

29. Officers are provided with a locker room within the Police Department to store personal items and other department-issued equipment.

30. Officers use the locker room to change in and out of uniforms.

31. Officers on average report to work half an hour before their expected shift to change into uniforms.

32. Officers on average leave the work premises half an hour after the end of their shift to change out of their uniforms.

33. Officers are not compensated for reporting to work ten minutes prior to the start of their shift for inspection.

34. Officers are not compensated for remaining ten minutes past their shift.

35. Officers are not compensated for "donning" into their uniforms.

36. Officers are not compensated for "doffing" out of their uniforms.

CLAIM FOR RELIEF (On behalf of all Plaintiffs)

## COUNT I

(Overtime)

37. Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in section 7 of the Act [29 U.S.C. § 207].

38. The Plaintiffs have, during the applicable statutory maximum time period, worked in excess of the statutory maximum number of hours provided for in section 7(a)(1) of the Act [29 U.S.C. § 207(a)(1)1, without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiffs are employed.

39. Specifically, the Defendant, Township of Teaneck refuses to pay officers overtime compensation until an officer works in excess of thirty-one minutes.

40. Moreover, the overtime payment schedule set forth in Article VIII of the collective bargaining agreement is in violation of the Act.

41. Defendant, Township of Teaneck has refused and continues to refuse to remove this illegal article out of the collective bargaining agreement and pay Plaintiffs' overtime compensation in accordance with the Act.

42. The failure of the Defendant to compensate Plaintiffs at one and one-half times their regular rate for such excess hours is a violation of section 7 of the Act [29 U.S.C. § 207]. Such violation is redressable by the Plaintiffs as affected employees under section 16(b) of the Act [29 U.S.C. § 216(b)].

43. The failure to properly compensate Plaintiffs at one and one-half time their regular rate for such excess hours has caused Plaintiffs monetary damage and is a violation of section 7 of the Act [29 U.S.C. § 207]. Such violation is redressable by the Plaintiffs as affected employees under section 16(b) of the Act [29 U.S.C. § 216(b)].

44. Defendant, therefore, is liable to the Plaintiffs herein in the amount of Plaintiff's unpaid overtime compensation and additional amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

## COUNT II

### (Roll-call)

45. Plaintiffs hereby repeat, re-allege and fully incorporate all facts set forth in Paragraphs 1 through 44.

46. Employees covered under the Act are entitled to compensation for all hours of work which an employee is on duty on the employer's premises or at a prescribed workplace, as well as

all other time during which the employee is suffered or permitted to work for the employer. [20 C.F.R. §551.221].

47. Roll call is a pre-shift and post-shift activity that is an integral part of the employees principal activity and is closely related to the performance of the principal activity. [20 C.F.R. §551.221]

48. The Plaintiffs have, during the applicable statutory maximum time period, been required to attend roll call ten minutes prior to their shift without receiving compensation for such excess hours.

49. The Plaintiffs have, during the applicable statutory maximum time period, been required to remain in the employer's premises ten minutes after the end of their shift without receiving compensation for such excess hours.

50. The failure of the Defendant to compensate Plaintiffs for such hours is a violation of the Act, 29 U.S.C. § 201, et seq., and the Code of Federal Regulations 29 C.F.R. §553.221. Such violation is redressable by the Plaintiffs as affected employees under section 16 (b) of the Act [29 U.S.C. § 216 (b)].

51. The failure to properly compensate Plaintiffs for such hours has caused Plaintiffs monetary damage and is a violation of the Act 29 U.S.C. § 201, et seq., and the Code of Federal Regulations 29 C.F.R. §553.221. Such violation is redressable by

the Plaintiffs as affected employees under section 16 (b) of the Act [29 U.S.C. § 216(b)].

52. Defendant, therefore, is liable to the Plaintiffs herein in the amount of Plaintiff's unpaid compensation and additional amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

### COUNT III

### (Donning and Doffing)

53. Plaintiffs hereby repeat, re-allege and fully incorporate all facts set forth in Paragraphs 1 through 52.

54. Under the Act, employers are required to pay employees for all hours worked. 29 U.S.C. §§ 206, 207.

55. The Portal-to-Portal Act of 1949 requires that activities performed either before or after the regular work shift are compensable if those activities are integral and indispensable part of the principal activities for which the workmen are employed.

56. The Plaintiffs have, during the applicable statutory maximum time period, been required to wear uniforms.

57. The use of uniforms is necessary to the principle work performed by the Plaintiffs.

58. The use of uniforms is for the benefit of the employer.

10

59. The use of uniforms trigger an instant recognition of police officers which engenders deference to the authority of police officers, which is essential to the efficient performance of police work.

60. The use of uniforms foster a command presence which police officers regularly use to enforce the law and obtain compliance from members of the public.

61. The use of uniforms is necessary for officers to perform their jobs.

62. The Plaintiffs have, during the applicable statutory maximum time period, reported to work half an hour before the beginning of their shift to change into his or her uniform without receiving compensation for such excess hours.

63. The Plaintiffs have, during the applicable statutory maximum time period, remained in the employer premises half an hour after the end of their shift to change out of his or her uniform without receiving compensation for such excess hours.

64. The failure of the Defendant to compensate Plaintiffs for such hours is a violation of the Act, 29 U.S.C. § 201, et seq. Such violation is redressable by the Plaintiffs as affected employees under section 16 (b) of the Act [29 U.S.C. § 216 (b)].

65. The failure to properly compensate Plaintiffs for such

hours has caused Plaintiffs monetary damage and is a violation of the Act 29 U.S.C. § 201, et seq. Such violation is redressable by the Plaintiffs as affected employees under section 16 (b) of the Act [29 U.S.C. § 216(b)].

66. Defendant, therefore, is liable to the Plaintiffs herein in the amount of Plaintiff's unpaid compensation and additional amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

### STATUTE OF LIMITATIONS

67. On information and belief, the failure of Defendant to compensate Plaintiffs as required by the FLSA in each of the claims set forth in this complaint was a knowing, willful and/or reckless violation of section 7 of the Fair Labor Standards Act [29 U.S.C. § 207] within the meaning of the applicable statute of limitations [29 U.S.C. § 255 (a)]. To the extent any of the Plaintiffs' claims fall within the statute of limitations period, Defendant is liable for back pay, liquidated damages, attorney's fees and costs and disbursements of this action.

### RECORDS

68. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant, and Plaintiffs are unable to state precisely at this time the amounts owing to them without access to and examination of the records. The Defendant is under a duty

imposed by 29 U.S.C. section 211 (c)and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which some of the amounts of Defendant's liability can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs herein request from the Court the following relief:

(a) An order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b) Judgment against the Defendant awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid wages, plus appropriate pre-judgment and post-judgment interest;

(c) Reasonable attorney's fees; and

(d) The costs and disbursements of this action together with such other and further relief as the Court deems proper.

By: *Marcia J. Tapia /s/* (MT1732)
Marcia J. Tapia, Esq.

DATED: December 16, 2009

ATTACHMENT A

| | |
|---|---|
| Acosta, Rolando | Hyland, John |
| Adomilli, Michael | Johnson, Kimberly |
| Adomilli, Mark | Kazinci, Dean |
| Alcott, Douglas | Kazmierczak, Edward |
| Balser, Tanya | Kerrison, Gregory |
| Biondi, Anthony | Kleiber, Dennis |
| Boswell, Ronald | Kriegel, Seth |
| Brennan, Kevin | Kurschner, Christopher |
| Brezi, Anthony | Lievano, Eddy |
| Brittingham, William | Locke, Ralph |
| Brittingham, Sara | Lopez, Zoraida |
| Burns, Ross | Luebeck, Craig |
| Buscavage, Christopher | Marrero, Kevin |
| Byrne, Raymond | McGurr, Andrew |
| Careccio, Joseph | Meeks, Lamon |
| Carney, Robert | Mehnert, Robert |
| Caruso, Thomas | Melvin, Thomas |
| Chaloub, Michael | Miros, George |
| Clark, Harold | Moliere, Michael |
| Coley, Glenn | Molina, George |
| Croonquist, Kenneth | Morales, Randy |
| Croonquist, Robert | Mulligan, Charles |
| Croonquist, William | Nogueras, John |
| Crowley, Michael | O'Brien, James |
| Dalessio, Daniel | O'Reilly, Glenn |
| Danenza, Michael | Osaigbovo, Spence |
| Deanni, James | Pagan, Angel |
| DiVite, Armand | Peters, Arno |
| Dunnigan, Eugene | Ramirez, Stephen |
| Egbert, Kenneth | Richter, Keith |
| Faggello, John | Richter, Michael |
| Falvey, Michael | Rodriguez, Justin |
| Ferrante, Michael | Rucker, Gregory |
| Finkler, Paul | Ryland, Rodney |
| Finley, Thomas | Santiago, Saul |
| Fisco, Mark | Santiago, Gabriel |
| Forrest, Patrick | Sullivan, Thomas |
| Garcia, Daniel | Sunga, Michael |
| Garland, John | Tesser, Scott |
| Gloria, Robert | Thompson, James |
| Gonzalez, Jose | Thornton, Veronica |
| Haase, Walter | Tully, Thomas |
| Hahn, Edward | West, Percy |
| Harrison, Harry | Williams, Jeanette |
| Harvey, Robert | Wright, George |
| Hosey, Jason | |